UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 06-50117-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION |
| vs. | ) | TO QUASH SUBPOENA |
| | ) | DUCES TECUM |
| CHUOI SAM, | ) | [DOCKET NO. 151] |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Chuoi Sam and Yuri Chachanko are charged by indictment with five robberies in Rapid City, Sioux Falls, and Watertown, South Dakota, between June 5, 2004, and July 21, 2004. Defendant Sam served the Sioux Falls Police Department ("SFPD") subpoena duces tecum requests police reports associated with casino robberies that occurred in March of 2007. The SFPD responded by filing a Motion to Quash Subpoena Duces Tecum [Docket No. 151], asserting that: (1) the police reports are irrelevant to this case as defendant is not charged with these robberies; (2) limited details of these unsolved casino robberies have already been released to the public and thus are available without the need for the full police reports; and, (3) the police reports are "confidential criminal justice information," protected from disclosure pursuant to South Dakota Codified Law (SDCL) § 23-5-11. SFPD argues that disclosure of these documents would be

1

detrimental to these investigations as the casino robberies are ongoing, unsolved cases. Defendant Sam filed a response to this motion to quash, asserting that the SFPD's reliance on SDCL § 23-5-11 is misplaced because it does not prohibit federal courts from issuing subpoenas pursuant to Federal Rule of Criminal Procedure 17. SFPD then filed a supplement to its motion, claiming that a "law enforcement records privilege," arising from 5 U.S.C. § 552(b)(7), applies to the facts of this case to prevent disclosure of these documents.

    Under Federal Rule of Evidence 501, in federal criminal prosecutions "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience" determine matters of privilege. See Fed. R. Evid. 501. In federal criminal prosecutions such as this one, state statutes or rules of evidence are inapplicable to issues of privilege. Id. The use of state law in deciding matters of privilege is limited to civil actions and proceedings. Id. As such, SDCL § 23-5-11 is not controlling in this case.

    However, 5 U.S.C. § 552 is relevant to this case. Section 552 authorizes government agencies to make available to the public certain agency rules, opinions, orders, records, and proceedings. Agencies are charged to make such records promptly available to any person; however

there are exceptions, one of which is pertinent to this case. Section 552(b)(7) provides that records or information for law enforcement purposes shall not be provided to the public if the production of such materials:

> (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

See 5 U.S.C. § 552(b)(7).

In In re Department of Investigation of City of New York, 856 F.2d 481 (2d Cir. 1988), the court addressed section 552(b)(7), concluding that a law enforcement privilege against disclosure, even in the face of a subpoena, was important to "prevent disclosure of law enforcement techniques, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Id. at 483-484.

3

In U.S. v. Hardy, 224 F.3d 752 (8th Cir. 2000), the court affirmed the district court's decision to quash a subpoena duces tecum that required the disclosure of taped copies of internal police radio communications between police officers and an informant to the case. Id. at 754. The court held that the subpoena should be quashed because " 'it is an unsupported "fishing expedition" that would impose an unjustified and unreasonable burden on the St. Paul Police Department.' " Id. at 755 (quoting the district court's opinion in the case)..

In this present case, Defendant Sam is not charged with any of the robberies that are the subject of the police reports requested by the subpoena duces tecum. Sam has failed to show how these reports are relevant to his defense. Given this, the SFPD's interest in protecting the confidentiality of ongoing criminal investigations outweighs the value of disclosing these materials.

In sum, although Federal Rule of Criminal Procedure 17 allows parties to obtain government documents through the use of a subpoena duces tecum, it also provides that such subpoenas should be quashed or modified if it calls for a privileged matter. See Fed. R. Crim. P. 17; 2 Wright, Fed. Practice & Procedure, Criminal § 275 (3d ed. 2000). The police reports that are the object of defendant Sam's subpoena are subject to the law enforcement privilege, as the disclosure of the materials requested by that subpoena would unduly interfere with ongoing police investigations.

Accordingly, it is hereby

ORDERED that the Motion to Quash filed by the Sioux Falls Police Department [Docket No. 151] is granted.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated this 8th day of August 2007.

BY THE COURT:

/s/ Veronica L. Duffy

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

5